# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

RAMON A. CARABALLO-RODRIGUEZ,

Petitioner,

v.                                          Case No. CV 304-81

MICHAEL PUGH, Warden,

Respondent.

## ORDER

Before the Court is Magistrate Judge Barfield's Report and Recommendation to Petitioner's section 2241 motion, and Petitioner's objections thereto. The Court, after a careful *de novo* review of the record and relevant law, **ADOPTS** the Report and Recommendation in its entirety. It also addresses Petitioner's objections to the extent they were not considered by the Magistrate Judge.

In Petitioner's objections he writes that he "concedes that the BOP may disallow GCT because of his failure to attend an ESL program, if he would have been incarcerated in a federal prison." (Doc. 14). Petitioner, however, now contends that because McRae Corrections Facility is a private prison, it cannot make decisions on Good Conduct Time. He points to 18 U.S.C. § 3624(f), which states: "The Attorney General shall direct the Bureau of Prisons to have in effect a mandatory functional literacy program for all mentally capable inmates who are not functionally literate in each Federal correctional institution

within 6 months from the date of the enactment of this Act." While this language does specify "Federal" correctional institutions, the Court still must look at the language in 18 U.S.C. § 3624(b)(1), which states:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. 18 U.S.C. § 3624(b)(1).

This language, dealing with the determination of Good Conduct Time, makes no mention of whether the prisoner is housed in a private or Federal prison. The relevant language is that, in awarding Good Conduct Time, the prisoner's progress toward earning a high school diploma or an equivalent degree "shall" be considered. The Court concludes that Petitioner's objection, insofar as it argues that McRae's status as a private prison should impact the calculation of Good Conduct Time, is without merit.

Petitioner also argues that the delegation to private prison officials of

the responsibility of awarding Good Conduct Time is unconstitutional. The Court again finds such argument is without merit. While the Bureau of Prisons, under the direction of the Attorney General, is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States," see 18 U.S.C. § 4042(a)(3), the Attorney General is also permitted to contract out the care of prisoners to private facilities. See 18 U.S.C. § 4013(a)(3).

Further, this Court finds that the issue of unlawful delegation is **MOOT** in this case. "It is well-established that federal agencies may not delegate their statutory authorities to private parties." Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003). However, "[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority." Id. Here, there is evidence that the Bureau of Prisons determined the calculation of Petitioner's Good Conduct Time was proper. Specifically, Petitioner's calculation of Good Conduct Time was reviewed by various persons within the Bureau of Prisons. See Doc. 1, p. 14-15 (Michael Janus, Administrator of Privatization Management Branch stated: "Based on my review, I find you are receiving all authorized good conduct time credit."); see also Doc.1, p. 16-17 (Harrell Watts, Administrator of National Inmate Appeals stated: "We find you have been properly classified as GED UNSAT. As such, you are eligible only to earn GCT at the year rate of 42 days.").

This Court also notes case law stating that such late-filed arguments are waived. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir.1988) (holding that "an unsuccessful party is not entitled as of right to de novo review ... of an argument never seasonably raised before the magistrate"); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987) (holding that issues raised for the first time in objections to magistrate's recommendation were waived); see also Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992), cert. denied, 507 U.S. 978, 113 S.Ct. 1429, 122 L. Ed. 2d 797 (1993).

Accordingly, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment is **ENTERED** in favor of Respondent.

Dated: June 10, 2005

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of Georgia

RAMON A. CARABALLO-RODRIGUEZ )

vs ) CASE NUMBER CV304-81

MICHAEL PUGH, Warden )  DIVISION  DUBLIN

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated June 13, 2005, which is part of the official record of this case.

Date of Mailing: June 13, 2005

Date of Certificate  ☐ same date,  or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Ramon A. Caraballo-Rodriguez, Reg. #21154-069, McRae Correctional FAcility, 1000 Jim Hammock Dr, McRae, GA 31055
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate